Argued and submitted December 17, 1979,
affirmed February 25, 1980

# COLUMBIA COUNTY,
*Petitioner,*

*v.*

# LAND CONSERVATION AND DEVELOPMENT COMMISSION,
*Respondent.*

## (CA 14616)

606 P2d 1184

John F. Hunnicutt, St. Helens, argued the cause and filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the

briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Steven R. Schell, Portland, filed briefs amicus curiae for Columbia Hills Development Company. With him on the briefs was Black, Helterline, Beck & Rappleyea, Portland.

Robert E. Stacey, Jr., Portland, filed a brief amicus curiae for 1000 Friends of Oregon.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

Columbia County seeks review of an order of the Land Conservation and Development Commission (LCDC) issued pursuant to ORS 197.320. We affirm.

The county was required by ORS 197.250 to adopt a comprehensive plan and the necessary implementing ordinances in compliance with state-wide planning goals by January, 1976. It has yet to adopt a comprehensive plan; several extensions of time have been granted to permit it to accomplish that task. Those extensions have been conditioned upon the establishment of an exclusive farm use (EFU) zoning pursuant to ORS ch 215, and adequate interim protection for the county's agricultural lands consistent with statewide planning Goal 3 of the LCDC.

The LCDC has determined that Columbia County has not made satisfactory progress toward performance of its compliance schedule. That determination is not challenged by the county. Pursuant to that determination, LCDC issued the enforcement order which is at issue here. It is conceded that an enforcement order of the type issued by the LCDC is the appropriate method for enforcing the provisions of ORS ch 197 regarding implementation of the state-wide planning goals.

The county, however, makes two assignments of error. The first is a general contention that the order (set out in the margin)[1] is too broad and not supported

---

"IT IS THEREBY ORDERED THAT:

"1.  Columbia County shall adopt and submit to the Land Conservation and Development Commission either:

"a)  an interim protective measure for the protection of agricultural lands in Columbia County in accordance with the LCDC Agricultural Lands condition; *or*

"b)  an Exclusive Farm Use Zoning ordinance and map which have been adopted in accordance with the requirements of the Agricultural Lands Goal (Goal 3) and ORS ch 215.

by substantial evidence. Although the assignment of error is directed toward the entire order, the only argument made by the county concerns paragraph 3 regarding forest lands.[2] The county's argument asserts both lack of substantial evidence to support paragraph 3 and the failure of the pre-hearing notice to indicate that forest lands subject to Goal 4 were to be at issue. We find no reversible error.

Paragraph 3 is ancillary to paragraph 2, which paragraph the county does not specifically challenge. The paragraph is an acknowledgment of the fact that, in Columbia County, agricultural and forest lands are intermingled and a particular tract may contain both types of land. Specific land-use decisions made in the

"2. Except as provided in Paragraph 3 below, until the County has complied with Paragraph 1 of this Order, the County prior to approving any land use action on agricultural lands as defined in Goal 3 outside mutually adopted urban growth boundaries shall, on the basis of substantial evidence in the record, find that the proposed action either:

"a) is consistent with or authorized by ORS 215.203(2); or

"b) involves an area which is already built upon or irrevocably committed to nonfarm uses; or

"c) involves the approval of a nonfarm residential dwelling which:

"1. is compatible with farm uses described in subsection (2) of ORS 215.203 and is consistent with the intent and purposes set forth in ORS 215.243; and

"2. does not interfere seriously with accepted farming practices; and

"3. does not materially alter the stability of the overall land use pattern of the area; and

"4. involves land which is generally unsuitable for the production of farm crops and livestock, considering the terrain, adverse soil or land conditions, drainage and flooding, vegetation, location and size of tract.

"3. If the land referred to in Paragraph 2 is determined by the County to be predominantly forest land as defined in Goal 4, the land shall be treated in conformance with Goal 4."

[2] We decline to reach other issues raised by the amici but which were not raised by the parties to this appeal.

[752]

period before adoption and acknowledgment of a comprehensive plan must be consistent with the statewide planning goals. *Jurgenson v. Union County Court,* 42 Or App 505, 600 P2d 1241 (1979); *South of Sunnyside v. Clackamas County Comm.,* 280 Or 3, 569 P2d 1063 (1977); *1000 Friends v. Benton County,* 32 Or App 413, 431, 575 P2d 651 (1978) (Schwab, C. J., concurring). The order of the LCDC that the county treat forest land in conformance with Goal 4 merely states what the county is already required by law to do, and the county is in no way aggrieved by such an order.

The county's second assignment of error challenges the scope of paragraph 2 of the order which includes all agricultural lands outside adopted urban growth boundaries. The county contends that it has adopted "Primarily Agricultural" (A-1) zoning in certain portions of the county, that the A-1 zoning is more stringent than the requirements of Goal 3 and ORS ch 215 and, thus, provides sufficient interim protection so that the county should not be required to make the findings required by paragraph 2 for the lands so zoned.

In support of its contention, the county points out that the director of the Department of Land Conservation and Development determined that approximately 10,000 acres of the county's approximately 60,000 acres of farm land were zoned A-1 and concluded that:

"Overall, the A-1 zone is *more* restrictive than the statutory EFU zone and can serve as an adequate *interim* protective measure."

The county argues that the director's conclusion is the only evidence in the record regarding A-1 zones and, therefore, an LCDC finding that the A-1 zone is not adequate interim protection is without support in the record.

The LCDC found that the county had

" * * * not adopted adequate interim measures to protect its agricultural land until EFU zoning has

been completed, nor has the county otherwise complied with the agricultural land conditions placed on its planning extensions, progress reviews, planning assistance grants and its own compliance schedule."

The question is whether that finding, as it relates to county land zoned A-1, is supported by substantial evidence in the whole record. ORS 197.320(3)(d). It is.

The record contains more information about the A-1 zoning than just the conclusion of the director of the Department of Land Conservation and Development. The director himself noted several differences between A-1 zones and EFU zones:

"While the A-1 zone reflects an intention to preserve agricultural land, it does not technically qualify as an EFU zone. It makes public and private parks a permitted use as opposed to a conditional use and adds several new conditional uses that are not included in an EFU zone. Single-family nonfarm dwellings are not permitted per se. All dwellings must be on a minimum lot of 40 acres. Presumably, all dwellings are considered farm related."

A further difference was noted in the LCDC's "1976-1977 Satisfactory Progress Review:" the A-1 definition of agriculture is more general than that established in the statute, leaving the possibility that uses not considered agricultural in the statute would be allowed within the A-1 zone.

The LCDC could reasonably conclude from this evidence that land-use decisions based on A-1 zoning could prejudice the eventual formation of EFU zones in the county and the protection of the county's agricultural lands. The finding that the county has not adopted adequate interim protection as it relates to the land zoned A-1 is supported by substantial evidence in the whole record.

Affirmed.